UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
                                                                 :
ISRAEL FELICIANO,                                                :
                                                                 :
                                        Petitioner,              :
                                                                 :
                    -against-                                    :
                                                                 :
WILLIAM LEE, Superintendent,                                     :
                                                                 :
                                        Respondent.              :
                                                                 :
---------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  4/8/2026

1:18-cv-9591-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

## I.   PROCEDURAL HISTORY

Petitioner Israel Feliciano filed a petition for *habeas corpus* relief under 28 U.S.C. § 2254 on October 18, 2018.  Dkt. No. 2.  The Court denied the application on August 26, 2020.  Dkt. No. 27. Mr. Feliciano appealed that decision.  Dkt. No. 30.  That appeal was denied by the Second Circuit Court of Appeals on May 12, 2021—nearly five years ago.  Dkt. No. 33.

On April 6, 2026, Mr. Feliciano filed a motion under Federal Rule of Civil Procedure 60(b), requesting that the Court reexamine its opinion and "grant petitioner's prior habeas corpus application and remand the matter back to State Court for a new trial."  Dkt. No. 34 (the "Motion") at 13.  The Motion was docketed earlier today.  The Motion focuses on one recent decision from the Second Circuit Court of Appeals, and a recent opinion from a district judge in this district, to support an argument that the Court should revisit his conviction and grant him a new trial.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding . . . ."  Fed. R. Civ. P. 60(b).  Under Rule 60(b)(1), a party may seek relief based on "mistake, inadvertence,

surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "[A] 'mistake' under Rule 60(b)(1) includes a judge's errors of law." *Kemp v. United States*, 596 U.S. 528, 533–34 (2022). Rule 60(b)(4) allows a party to seek relief from a judgment when "the judgment is void." Fed. R. Civ. P. 60(b)(4). "Rule 60(b)(6) provides a catchall for 'any other reason that justifies relief'" and is only available "when Rules 60(b)(1) through (b)(5) are inapplicable." *Kemp*, 596 U.S. at 533. "Even then, 'extraordinary circumstances' must justify reopening" a case. *Id.* (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11 (1988)).

"A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "Nor does the court have any power to enlarge the time limits of the rule." 11 Fed. Prac. & Proc. Civ. § 2866 (3d ed.). "This limitations period is absolute . . . ." *Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000); *see also United States v. Williams*, 56 F.4th 366, 371 (4th Cir. 2023) (holding that Rule 60(b)(3)'s one-year time limit is a mandatory claim-processing rule that cannot be tolled).

Motions made under Rule 60(b)(4) through (6) must be made within a "reasonable time." What constitutes "a reasonable time . . . is to be determined based on 'the particular circumstances of the case,' taking into account the reason for any delay, the possible prejudice to the non-moving party, and the interests of finality." *Thai-Lao Lignite (Thailand) Co. v. Gov't of the Lao People's Democratic Republic*, 864 F.3d 172, 182 (2d Cir. 2017) (quoting *PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 897 (2d Cir. 1983)).

Relief under Rule 60(b) is limited when applied to challenge a prior habeas proceeding. "[R]elief under Rule 60(b) is available with respect to a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction." *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004). At the same time, the Second

Circuit has "emphasized that a Rule 60(b) motion does not itself seek habeas relief and should therefore be treated as any other motion under Rule 60(b) for purposes of AEDPA, *provided that* the motion relates to the integrity of the federal habeas proceeding, not to the integrity of the . . . criminal trial." *Id.* at 80 (internal quotations omitted) (emphasis in original).

As the Second Circuit has explained, "a Rule 60(b) motion that *attacks the integrity* of a previous habeas proceeding, but is nevertheless without merit, should simply be denied, as would any other Rule 60(b) motion that lacks merit." *Id.* at 82 (emphasis in original). "On the other hand, . . . a Rule 60(b) motion that attacks the underlying conviction presents a district court with two procedural options: (i) the court may treat the Rule 60(b) motion as 'a second or successive' habeas petition . . . or (ii) the court may simply deny the portion of the motion attacking the underlying conviction 'as beyond the scope of Rule 60(b).'" *Id.* (quoting *Gitten v. United States*, 311 F.3d 529, 534 (2d Cir. 2002)).

Because Mr. Feliciano is proceeding *pro se*, the Court must construe each of his submissions in support of the Motion "liberally to raise the strongest arguments it suggests." *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)).

## III.    DISCUSSION

Mr. Feliciano's Motion attacks the integrity of his underlying criminal conviction and sentence. He has not challenged the integrity of the habeas proceeding itself.

Faced with a purported Rule 60(b) motion challenging Mr. Feliciano's conviction, the Court has the option to either treat it as a successive habeas petition or deny it as beyond the scope of the rule. *See United States v. Christian Bros. Contracting Corp.*, 586 F. App'x 79, 80 (2d Cir. 2014) (summary order). Here the Court elects to deny the Motion because it is beyond the scope of Rule 60(b).[1]

---

[1] To the extent that his Mr. Feliciano's claims rely on Rule 60(b)(1), they are also time barred, and should be denied for that reason as well. Although Mr. Feliciano invokes Rule 60(b)(6), his argument is in fact based on Rule 60(b)(1) because Mr. Feliciano argues that the Court made a legal mistake in analyzing his petition.

**IV.   CONCLUSION**

For the reasons stated above, Mr. Feliciano's Motion is denied.  Mr. Feliciano's claims fall outside of the scope of Rule 60(b).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  Mr. Feliciano has not made a substantial showing of the denial of a constitutional right, so the Court denies a certificate of appealability under 28 U.S.C. § 2253.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 34 and to mail a copy of this opinion to Mr. Feliciano.

SO ORDERED.

Dated:  April 8, 2026
  New York, New York

_____
GREGORY H. WOODS
United States District Judge

4